**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| | |
|---|---|
| **In re:** | |
| **ASHLEY C. NOWELL,** | Chapter 7 |
|     Debtor. | Case No. 16-50672 |
| | |
| **DULLES MOTORCARS, INC.,** | |
|     Plaintiff, | |
| | |
| v. | Adv. P. No. 16-05023 |
| | |
| **ASHLEY C. NOWELL** | |
|     Defendant. | |

**MEMORANDUM DECISION**

Dulles Motorcars, Inc. ("DMI") filed this adversary complaint against the pro se debtor, Ashley C. Nowell ("Nowell"), on October 20, 2016. DMI asks the Court to find that Nowell's debt to DMI is not dischargeable due to willful and malicious injury to DMI's property pursuant to section 523(a)(6) ("complaint"). ECF Doc. No. 1. DMI filed an affidavit of service on October 29, 2016, reporting service on Nowell. ECF Doc. No. 8. Nowell did not file an answer.

After DMI took no action for over three months, the Court issued a show cause and advised DMI that the Court would dismiss the complaint for failure to prosecute if DMI continued to take no action. ECF Doc. No. 9. DMI filed a timely response. ECF Doc. No. 11. On the same day, DMI also filed a motion and supporting memorandum. ECF Doc. Nos. 13, 14. DMI's motion, ECF Doc. No. 13, titled "Motion to Deny Discharge and/or Dismiss Case," contains three different requests. For convenience, the Court will treat DMI's pleading at docket number 13 as three different motions.

First, DMI asked the Court to except Nowell's debt to DMI from her discharge, which the Court construed as a motion for default judgment on DMI's complaint ("motion for default

judgment"). In the alternative, DMI sought leave to amend its complaint to add a section 727(a)(4) count for alleged false statements on Nowell's bankruptcy schedules ("motion to amend"). ECF Doc. No. 13 at 1. Finally, DMI also asked the Court to dismiss Nowell's main bankruptcy case ("motion to dismiss").[1] *Id.*

DMI scheduled its motions for hearing and provided notice to Nowell. The Court held the hearing on April 5, 2017, and heard arguments from DMI's counsel, Judy Dugger ("Dugger"), and from Nowell. At the conclusion of the hearing, the Court took the matters under advisement. For the following reasons, the Court will deny all of DMI's motions, dismiss the show cause, and dismiss the complaint.

## FINDINGS OF FACT

The facts are taken from DMI's complaint.[2] DMI is a car dealership and Nowell was its employee. One day, concerned that her personal vehicle was not safe to drive, Nowell drove home from work in one of DMI's vehicles, a 2016 Subaru, without permission or knowledge of anyone at DMI. The next morning, while driving the Subaru with her two minor children inside, Nowell rear-ended another car and caused a multi-car pileup. The Subaru was totaled.

Approximately seven months later, on July 14, 2016, Nowell filed a chapter 7 bankruptcy petition. While her chapter 7 case was pending, Nowell was charged in Loudoun County Circuit Court with unauthorized use of a vehicle pursuant to section 18.2-102 of the Code of Virginia, a

---

[1] DMI included in its supporting memorandum a request for the Court to deny Nowell a discharge outright to "any other persons or entities." ECF Doc. No. 14 at 3. DMI did not include this request in its motions filed at docket number 13. In any event, what DMI seeks is impossible, as the Court had already discharged Nowell from her debts on October 25, 2016. Because DMI provided no legal basis for this last request, to the extent it may be considered as properly pled, it is **DENIED**. The Court discusses section 727(d), which allows a bankruptcy court to *revoke* a debtor's discharge under certain circumstances, later in this Memorandum Decision.

[2] Nowell is not represented by an attorney, and so the Court takes a moment to explain that it must accept the factual allegations in DMI's complaint because Nowell never filed an answer to challenge them. DMI's legal conclusions are not entitled to any deference. The Court has a duty to "determine whether the well-pleaded allegations in [DMI's] complaint support the relief sought in this action." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001).

Class 6 felony.[3] Nowell entered a guilty plea,[4] and on December 8, 2016, the Loudoun County Circuit Court ordered her to pay restitution for the Subaru.

DMI timely filed its complaint in this Court, objecting to the dischargeability of Nowell's debt to it pursuant to section 523(a)(6). The Court now turns to the merits of DMI's complaint and its pending motions.

## JURISDICTION

The Court has jurisdiction over Nowell's bankruptcy case by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a), the delegation made to this Court by Order of Reference from the District Court entered on December 6, 1994, and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia. In this adversary proceeding, DMI is seeking a ruling that the debt Nowell owes it is excepted from her discharge. In addition, DMI now requests leave to amend its complaint to add a count under section 727 to deny Nowell's entire discharge, and further asks this Court to dismiss Nowell's bankruptcy case under section 707. These questions are critical to the bankruptcy case. This adversary proceeding is a "core" proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (I) and (J).

## ANALYSIS

*(a) DMI's motion to dismiss*

The Court will begin with DMI's motion to dismiss. DMI did not plead any statutory authority for its request to dismiss the petition, or the specific grounds for dismissal. The authority to dismiss a chapter 7 case is found in section 707 of the Bankruptcy Code. As a

---

[3]    The criminal proceeding was not affected by the automatic stay. 11 U.S.C. § 362(b)(1).

[4]    In its complaint, DMI stated that Nowell had already "entered a plea of guilty to the said charge, and is expected to be sentenced in November 2016." ECF Doc. No. 1 at 4. At the April 5, 2017 hearing and in the supporting memorandum, Dugger pointed out that this statement was incorrect and that Nowell had not yet entered a plea when DMI filed its complaint. *See, e.g.*, ECF Doc. No. 14 at 1. Dugger—who emphasized her active involvement in the criminal case—explained that she misunderstood the prosecutor.

threshold matter, it appears DMI's motion to dismiss may be time-barred because DMI filed it after Nowell received her discharge. *See* Fed. R. Bankr. P. 4004(c)(1)(D) ("[T]the court shall forthwith grant the discharge, except . . . if: . . . (D) a motion to dismiss the case under § 707 is pending . . . ."); *see also* Fed. R. Bankr. P. 1017(e) (setting deadlines for filing motions pursuant to sections 707(b) and (c)). The Court discharged Nowell on October 25, 2016. DMI's motion to dismiss is simply too late. That said, a review of the statute and applicable case law shows why the motion to dismiss would have failed even if DMI filed it promptly.

The Court may dismiss a chapter 7 petition under section 707(a) for cause. Cause may include a finding that allowing the debtor to remain in chapter 7 would be an abuse of the bankruptcy system. *See McDow v. Smith,* 295 B.R. 69, 81 (E.D. Va. 2003) (instructing that while a bankruptcy court, in its discretion, may dismiss a case due to a debtor's bad faith acts or omissions, it should only do so if the debtor's behavior was egregious); *In re Reece*, 498 B.R. 72, 82 (Bankr. W.D. Va. 2013) (explaining a court may dismiss a chapter 7 petition for cause pursuant to section 707(a) "if the conduct alleged was an abuse of process or was facilitated by non-compliance with Court orders in the absence of inadvertence or excusable neglect"). Nowell has paid all outstanding fees, completed all required schedules and statements, met every deadline, appeared at every scheduled hearing, complied with all court orders, disclosed all of her income and has not concealed assets—all without the assistance of bankruptcy counsel. Simply put, Nowell has not engaged in any egregious conduct, and her chapter 7 petition is not abusive.

Along the same lines, the Court may dismiss a chapter 7 petition under section 707(b) when the granting of a chapter 7 discharge would be an abuse of the provisions of chapter 7 and if certain criteria are met. Section 707(b) targets "unscrupulous" and "non-needy debtors" who

4

"seek[] to gain the court's assistance in a scheme to take unfair advantage of [their] creditors." *Green v. Staples (In re Green)*, 934 F.2d 568, 570 (4th Cir. 1991). But only "the judge or United States trustee . . . may file a motion under section 707(b)" in the case of a debtor who is under the median income. 11 U.S.C. § 707(b)(6). Nowell is under the median income, and DMI makes no suggestion that Nowell under-reported her income. This means that DMI lacks standing to move under section 707(b) to dismiss Nowell's case.

Finally, the Court may dismiss a chapter 7 petition filed by a debtor who committed a "crime of violence" or "drug trafficking crime" under section 707(c). 11 U.S.C. § 707(c). There is nothing in the record, or any other evidence, that Nowell has been convicted of a section 707(c) crime. This final statutory avenue is also foreclosed to DMI.

*(b) DMI's motion to amend*

The deadline to file a complaint objecting to Nowell's discharge pursuant to section 727 passed long ago, on October 24, 2016. *See* Fed. R. Bankr. P. 4004(a) (directing complaint objecting to discharge "shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)"). As a consequence, the only way DMI may now pursue Nowell through section 727 is by amending its complaint with the Court's permission.[5] Fed. R. Civ. P. 15(a)(2).[6]

Courts "should freely give leave [to amend] when justice so requires." *Id.* This rule, however, is not a revolving door. An amendment relates back to the date of the original complaint as long as "there is some factual nexus" between the amendment and the complaint and "if the [opposing party] had notice of the claim and will not be prejudiced by the

---

[5]    The other option would be Nowell's written consent, which DMI does not have.

[6]    Federal Rule of Bankruptcy Procedure 7015 provides that Federal Rule of Civil Procedure 15 applies in adversary proceedings.

5

amendment." *Grattan v. Burnett*, 710 F.2d 160, 163 (4th Cir. 1983); *see also* Fed. R. Civ. P. 15(c)(1)(B) (instructing an amendment relates back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading"). DMI's motion to amend fails this test on both sides, although either one is enough. There is no factual nexus between DMI's complaint and section 727(a)(4), and Nowell would be prejudiced by the amendment.

DMI wants to add a section 727(a)(4) count based on Nowell's alleged false oaths on her bankruptcy schedules.[7] *See* ECF Doc. No. 14 at 4 (asking that DMI "be granted leave to amend . . . to allege the false swearing under oath"); *see also* 11 U.S.C. § 727(a)(4)(A) (authorizing courts to deny discharge when debtor "knowingly and fraudulently, in or in connection with the case—(A) made a false oath or account"). The section 727(a)(4)(A) count relies on alleged false statements on Nowell's sworn bankruptcy petition, while DMI's complaint is based on property damage from a car crash. These factual allegations have nothing to do with each other. As a result, the Court finds that there is no factual nexus between DMI's amendment and its complaint. The Court further finds that allowing the amendment would be prejudicial to Nowell because she had no notice of DMI's section 727(a)(4) claim. DMI's complaint does not even hint at misrepresentations on Nowell's bankruptcy schedules. Because the proposed section 727(a)(4) count does not relate back to DMI's complaint, the Court will deny the motion to amend.

What is more, nothing prevented DMI from timely filing a complaint under section 727 to deny Nowell a discharge. DMI just did not consider the request until after the deadline

---

[7] Part of DMI's motion to amend may be interpreted as a request to add a section 727(a)(4)(B) count for "present[ing] . . . a false claim." 11 U.S.C. § 727(a)(4)(B); *see also* ECF Doc. No. 14 at 2–3 (arguing that Nowell inflated her unsecured debts in an attempt to mislead her creditors and the Court). Even if the Court were to construe DMI's motion to amend as a request to add section 727(a)(4)(B) count, it loses for the same reasons.

passed. At this juncture, DMI may only seek relief under section 727(d) to revoke Nowell's discharge. Section 727(d) authorizes a court to revoke a discharge that "was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge." 11 U.S.C. § 727(d)(1). Even accepting that DMI has alleged fraud—a word which does not appear in its motions or supporting memorandum—Dugger conceded that she did not look at Nowell's bankruptcy schedules until after the Court granted Nowell a discharge. A party cannot claim lack of knowledge by burying its head in the sand. Section 727(d) offers no help to DMI.

*(c) DMI's motion for default judgment*

The Court is now able to turn to the merits of DMI's complaint. In order for a debt to be excepted from discharge pursuant to section 523(a)(6), the debtor must have committed a "deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) (emphasis in original); *accord Duncan v. Duncan (In re Duncan)*, 448 F.3d 725, 729 (4th Cir. 2006) ("As the Supreme Court instructs in *Geiger*, § 523(a)(6) applies only to 'acts done with *the actual intent to cause injury*.'") (quoting *Geiger*, 623 U.S. at 61); *id.* ("Section 523(a)(6) is not satisfied by negligent, grossly negligent or reckless conduct."). There is no need for the Court to proceed any further because DMI's complaint cannot meet this demanding standard.[8]

DMI confuses Nowell's use of the Subaru without permission with the car crash itself. The Subaru's destruction is the alleged willful and malicious injury to DMI. For Nowell's debt to be nondischargeable pursuant to section 523(a)(6), it is not enough for her to have taken and driven the Subaru without DMI's consent—she would have had to intentionally crashed the car.

---

[8]  Default is not an admission of conclusions of law. *Ryan*, 253 F.3d at 780. "A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996).

7

But at no point has DMI pled or argued that Nowell intended to damage the Subaru. Indeed, such an allegation would stretch the imagination because at the time of the accident Nowell was driving with her two minor children inside. Because DMI's complaint fails as a matter of law,[9] the Court will deny the motion for default judgment and will dismiss the complaint.

*(d) The show cause*

As a final matter, the Court accepts Dugger's explanation as to why she took no action in this adversary proceeding for several months and will dismiss the show cause.

## CONCLUSION

This decision does not leave DMI without a remedy because the Loudoun County Circuit Court's restitution order is not affected by Nowell's bankruptcy discharge. This type of restitution is a nondischargeable debt—a fact Nowell said she understood at the April 5, 2017 hearing. *See Kelly v. Robinson*, 479 U.S. 36, 53 (1986) (concluding that criminal restitution orders are penal in nature and nondischargeable by way of section 523(a)(7)); *accord U.S. Dep't of Hous. & Urban Dev. v. Cost Control Mktg. & Sales Mgmt. of Va., Inc.*, 64 F.3d 920, 927 (4th Cir. 1995) ("The Supreme Court has given § 523(a)(7) a broad reading, and has held that it applies to all criminal and civil penalties, even those designed to provide restitution to injured private citizens."). This means that, although the Court dismisses DMI's complaint, Nowell's obligation to pay restitution is not discharged.

For the foregoing reasons, the Court will deny all of DMI's motions, dismiss the show cause and dismiss DMI's complaint. The court will contemporaneously issue an Order consistent with the findings and rulings of this Memorandum Decision.

---

[9] DMI also argues that any vicarious liability claims against it by individuals who were injured or suffered property damage in the collision Nowell caused should be excepted from her discharge pursuant to section 523(a)(6). The fact that DMI failed to show that Nowell inflicted a willful and malicious injury in the first place is fatal to these claims as well.

8

The Clerk's is directed to provide a copy of this Memorandum Decision to counsel for DMI and to Ashley C. Nowell.

Entered: May 11, 2017

/s/ Rebecca B. Connelly
Rebecca B. Connelly
U.S. Bankruptcy Judge

9